[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3838
The plaintiff in this action filed a revised complaint, dated March 10, 1995, shortly before being assigned for trial on April 4, 1995. The eight counts of the revised complaint addressed the defendants Stephen Gary, Therese Gary, Jean Riley, William Quinn and the City of New Haven. On April 19, 1993, a Memorandum of Decision was filed in which the court granted: 1) (#136), a motion to strike plaintiff's exhibits in opposition to a motion for summary judgment and 2) (#135), the motion for summary judgment, both filed by a named defendant, Lawrence Brown.
The motion to strike was granted as to certain hearsay statements contained in a sworn police report dated April 17, 1989. The court ruled that "the statements in the April 17, 1989 report made to the police officer by the victim of a dog bite, a friend of the victim, and the mother of the victim. . . are clearly inadmissible hearsay and the plaintiff has given no reason why this hearsay evidence should be admitted." (#139, p. 4.) That ruling remains the law of the case.
Default judgments were granted as to the defendants Stephen Gary and Therese Gary prior to this case being assigned for trial. The plaintiff brought this action for money damages as a result of injuries sustained on June 1, 1989 when she was bitten by a dog on Dickerman Street in the City of New Haven. The dog was owned by defendants Stephen Gary and Therese Gary. The revised complaint alleges negligence against the City of New Haven and two of its employees on the theory that the dog, named "Killer," should have been, but was not, disposed of prior to the attack on the plaintiff.
At the time of this incident, defendant Jean Riley (Riley) was the Acting Dog Warden for the Department of Health, City of New Haven. Riley was under the supervision of and reported directly to defendant William Quinn who was the Director of the Health Department. The defendants filed a motion for summary judgment on the ground of governmental immunity. The plaintiff objected to defendants' motion and, in support of her objection, filed the April 17, 1989 police report and several pages of what purports to be from the transcript of a deposition. The issue of the hearsay statements contained in the police report has already been addressed and decided. The documents which purport to be from a transcript are not certified by the person taking the testimony and therefore cannot be considered by the court. CT Page 3839
The defendants offered the affidavit of Riley in support of their motion for summary judgment. Riley's affidavit establishes that in the course of her duties and pursuant to the provisions of General Statutes, § 22-358(c), she "may make any order that [she] deem[s] necessary, using [her] own judgment and discretion, concerning the restraint or disposal of any biting dog [and] [t]hat the decision whether or not to issue a disposal order for a dog is based solely on the judgment of the individual canine control officer." The plaintiff failed to offer any evidence to contradict that affidavit.
"[Summary judgment] shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Practice Book § 384. The purpose of summary judgment is to resolve "litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279
(1989). "A `material fact' is simply a fact which will make a difference in the result of the case. . . ." Yanow v. TealIndustries, Inc., 178, Conn. 262, 268 (1979).
The Connecticut Supreme Court has held that:
 The test of the requirement for the granting of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. "[A] summary disposition. . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed.
(Citations omitted.) United Oil v. Urban RedevelopmentCommission, 158 Conn. 364, 380 (1969). CT Page 3840
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." (Citations omitted.) Haesche v. Kissner, 229 Conn. 213, 217 (1994). "To oppose the motion for summary judgment successfully, the nonmovant must recite specific facts. . . which contradict those stated in the movant's affidavit and documents." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578-79 (1990).
In reviewing the various allegations against defendants Riley, Quinn and the City of New Haven, the parties stipulated at the hearing on this motion to strike that the only viable claim now made by the plaintiff was that asserted in the fourth count; paragraph 11(b):
 In that defendant Riley failed to investigate the history of the dog "Killer" despite the fact that the dog had bitten on numerous previous occasions, which negligence resulted in plaintiff's being attacked and severely injured;
That sole remaining allegation addresses Riley's conduct concerning the same dog during a period prior to the incident involving this plaintiff. The plaintiff does not claim that Riley failed to perform a ministerial act, one which the law declares as an `"act. . . which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done."' Am. CasualtyIns. Co. v. Fyler, 60 Conn. 448, 460 (1891). Where, however, a municipal employee's performance of discretionary acts is at issue, a "negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal." Shore v. Stonington, 187 Conn. 147, 153 (1982).
Section 22-358 of the General Statutes, as applicable here, gives municipal officers the discretion to make certain determinations regarding the restraint or destruction of a dog under certain circumstances. In viewing the plaintiff's factual allegations in a manner most favorable to her, the only reasonable conclusion that can be reached is that the plaintiff, after the fact of her own attack, disagrees with Riley's exercise of her discretion in some other incident involving the same CT Page 3841 animal.
The defendant's exercise of discretion gives rise to an actionable exception to the doctrine of governmental immunity only where the defendant is negligent and "the duty to act is clear and unequivocal." Shore v. Stonington, supra. Moreover, the plaintiff has neither alleged nor established that § 22-238
imposed upon Riley any duty to the plaintiff and a breach of such duty. The court held that:
 The rule of official responsibility applicable to this case is the following: "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed, if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages."
(Citations omitted.) Shore v. Stonington, supra., at 152.
The plaintiff's remaining allegation clearly demonstrates that the defendant would be entitled to a directed verdict at trial and, accordingly, is entitled to summary judgment. The motion for summary judgment is granted.
BY THE COURT LEANDER C. GRAY, JUDGE